**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**INTERNATIONAL TRANSPORT MANAGEMENT CORPORATION and OCEAN NAVIGATOR EXPRESS LINE,**

**Plaintiffs,**

**v.**

**BROOKS FITCH APPAREL GROUP, LLC and JOSEPH E. SAFDIEH,**

**Defendants.**

**Civil Action No. 11-1921 (ES) (JSA)**

**OPINION**

**SALAS, DISTRICT JUDGE**

Before the Court is Defendants Brooks Fitch Apparel Group, LLC ("Brooks Fitch") and Joseph E. Safdieh's motion for reconsideration and/or relief from judgment. (D.E. No. 244). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Defendants' motion is DENIED.

## I. BACKGROUND

### A. Factual Background[1]

Before its insolvency, Brooks Fitch was a limited liability company, organized under the laws of the State of New York and in the business of designing and merchandizing children's clothing and other textiles. Joseph Safdieh was the principal of Brooks Fitch.

---

[1] The Court borrows much of the factual background from the Opinion of former Chief Judge Linares's (ret.), dated April 26, 2018. (D.E. No. 190).

Relevant here, from 2009 and 2011, Brooks Fitch purchased millions of dollars' worth of items from different Chinese manufacturers. It then contracted with International Transport Management Corporation ("ITMC") to transport those items to the United States. In turn, ITMC contracted with Ocean Navigator Express Line ("ONEL") to arrange the transport. ITMC was acting as ONEL's agent.

Under normal industry practice at the time, Brooks Fitch could receive the shipments in the United States if it paid the Chinese manufacturers while the shipments were on route. But that did not happen in this case. Instead, Brooks Fitch received the shipments from ONEL by entering into various indemnity agreements with ITMC and by providing ITMC with collateral checks. In each agreement, Brooks Fitch promised to indemnify ONEL, ITMC, and Cargo Services Far East Limited ("Cargo Services")—which is ONEL's parent company—for any claims against them for ONEL releasing the shipments.

When it became clear that Brooks Fitch would not pay the Chinese manufactures, ITMC tried to cash the collateral checks. Those checks bounced. The Chinese manufactures then sued ONEL, ITMC, and Cargo Services for releasing the shipments. Those lawsuits ended in settlements that were paid by Cargo Services.

**B. Procedural History**

On April 5, 2011, ITMC and ONEL, but not Cargo Services, sued Brooks Fitch and Safdieh for indemnification for the settlements. (D.E. No. 1). On October 23, 2017, Chief Judge Linares held a one-day bench trial. During the bench trial, ITMC was dismissed from the case, leaving ONEL as the only plaintiff. On April 26, 2018, Chief Judge Linares issued an Opinion, which contained findings of facts and conclusion of law. Among other things, Chief Judge Linares found that (i) ONEL was a real party in interest under Federal Rule of Civil Procedure 17 and, therefore,

properly brought its claim for damages against Brooks Fitch; and (ii) Brooks Fitch was liable to ONEL for $4,155,006.50 in compensatory damages for breach of contract. (D.E. No. 190 at 16 & 18). That decision was accompanied by an Order and Judgment, which Chief Judge Linares entered on the same day. (D.E. No. 191). Then, on October 12, 2018, Chief Judge Linares granted ONEL's motion to amend the judgment under Federal Rule of Civil Procedure 59(e), finding that Brooks Fitch was liable to ONEL for an additional $40,000, which increased the total amount of damages to $4,195,006.50. (D.E. No. 205 at 5). Chief Judge Linares also denied Brooks Fitch's motion for reconsideration under Federal Rules of Civil Procedure 52(b), 59(e), and 60(b)(1) and (b)(6), affirming his previous holding that ONEL was the proper plaintiff. (*Id.*). That Opinion, likewise, was accompanied by an Order amending the prior Order and Judgment to reflect the additional amount in damages. (D.E. No. 206).

On May 20, 2019, the case was reassigned to the Undersigned. (D.E. No. 216). On August 14, 2019, the Court granted ONEL's motion for summary judgment, holding that ONEL could pierce Brooks Fitch's corporate veil and thereby obtain judgment against Safdieh. (D.E. No. 219 at 12). That Opinion was accompanied by an Order that was entered the same day. (D.E. No. 220). Finally, on September 14, 2020, the Court granted ONEL's motion to amend the judgment, adding pre- and post-judgment interest. (D.E. No. 229 at 11). That Opinion, like all the above, was also accompanied by a separate Order that was entered on the same day. (D.E. No. 230).

Following this last decision, on September 21, 2020, ONEL submitted for the Court's signature a proposed final judgment pursuant to Local Civil Rule 58.1. (D.E. No. 231). The proposed final judgment incorporated the prior orders of Chief Judge Linares and the Undersigned but substantively added nothing to what was previously ordered and adjudged. (D.E. No. 231-1). In response, on September 24, 2020, Safdief indicated he had fired his and Brooks Fitch's counsel

and requested that the Court delay entering final judgment until he secured new counsel so that he could object to it. (D.E. No. 232). Defendants' counsel then filed a formal motion to withdraw. (D.E. No. 233). On March 26, 2021, the motion to withdraw was granted, and Defendants were ordered to secure counsel within 45 days. (D.E. No. 238). Defendants' new counsel entered a notice of appearance on June 1, 2021, beyond the deadline. (D.E. No. 241). On June 7, 2021, Defendants moved for reconsideration and/or relief from judgment under Rules 59(e) and 60(b) and Local Civil Rule 7.1(i). (D.E. No. 244). They do not formally object to entry of final judgment pursuant to Local Civil Rule 58.1. Substantively, their motion challenges the April 26, 2018 decision of Chief Judge Linares, which ruled that ONEL was a real party in interest and entitled to damages for Brooks Fitch's breach of contract; and the August 14, 2019 decision of the Undersigned, which held that ONEL could pierce Brooks Fitch's corporate veil and obtain judgment from Safdieh.[2]

## II. DISCUSSION

### A. Timing

ONEL argues that Defendants' motion is untimely. (D.E. No. 28, Opposition Brief at 17–18). The Court agrees the motion is untimely under Local Civil Rule 7.1(i) and Rule 59(e), but the Court does not agree the motion is untimely under Rule 60(b).

Local Civil Rule 7.1(i) requires a party to bring a motion for reconsideration "within 14 days after the entry of the order or judgment on the original motion." The latest order or judgment in this case is dated September 14, 2020—more than nine months before Defendants filed the

---

[2] Defendants purport to challenge the September 14, 2020 decision of the Undersigned, which granted ONEL's motion to amend the judgment to add pre- and post-judgment interest. However, they do not substantively contest that decision. Moreover, and to ensure the record is clear, the Court notes that Defendants incorrectly identify (i) the August 14, 2019 Opinion as dated September 14, 2019; and (ii) the September 14, 2020 Opinion as dated September 19, 2019. (D.E. No. 244-1, Moving Brief ("Mov. Br.") at 1).

pending motion. (D.E. Nos. 229 & 230). Moreover, Defendants do not seek reconsideration of that decision but rather *older* decisions concerning older motions. Defendants' motion under Local Civil Rule 7.1(i) is therefore untimely.

A motion to amend or alter a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Where a final judgment is not entered pursuant to Rule 54, "Rule 59(e) and the 28-day deadline 'have no application.'" *Schlafly v. Eagle F.*, No. 17-2522, 2020 WL 2790519, at *3 (D.N.J. May 30, 2020) (quoting *Jones v. Sanko Steamship Co., Ltd*, No. 10-6787, 2016 WL 819618, at *4 (D.N.J. Mar. 2, 2016)).

Under Rule 54(a), the term "'[j]udgment' . . . includes a decree and any order from which an appeal lies." Here, and at the latest,[3] the September 14, 2020 Order granting ONEL's motion to amend the judgment constituted a judgment from which an appeal lies. *See Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 746 (3d Cir. 1990) (explaining that an order granting a Rule 59(e) motion to add pre-judgment interest is appealable if the "order substantively changing a judgment constitutes a new judgment with its own time for appeal at least where the change is the subject matter to be reviewed"). Moreover, that decision complied with Rule 58's separate order rule because (i) it was in a separate document that was "self-contained and separate from the opinion;" (iii) "the order . . . note[d] the relief granted;" and (iii) "the order . . . omit[ted] . . . the . . . Court's reasons for disposing of the parties' claims." *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 241

[3] Because the Rule 59(e) motion is untimely under the latest judgment date—September 14, 2020—the Court need not determine whether the accrual date of the motion should be the date of the orders that the motion actually substantively challenges. *See Progressive Indus., Inc. v. United States*, 888 F.3d 1248, 1253 (Fed. Cir. 2018); *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 220 (2d Cir. 2017); *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 521 (7th Cir. 1993).

(3d Cir. 2006), *as amended* (Aug. 30, 2006). Thus, Defendants' motion under Rule 59(e) is untimely.[4]

Under Rule 60(c), "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Like Rule 59(e), Rule 60(b) applies only to final judgments and orders. *See State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 n.13 (3d Cir. 2016).

However, Defendants substantively seek relief under Rule 60(b)(4)—arguing that ONEL was not a real party in interest and did not have standing to sue, and that the Court therefore did not have subject matter jurisdiction and the judgment is thus void. Because a void judgment is no judgment at all, "there are no time limits with regards to a challenge to a void judgment." *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) (en banc); *see also Reardon v. Reardon*, 421 F. App'x 141, 143 (3d Cir. 2011) ("[T]he reasonable time requirement does not apply to a motion to reopen a void judgment."). Thus, Defendants' motion under Rule 60(b)(4) is timely.

To be sure, Defendants also seek relief under Rule 60(b)(6), and Rule 60(c)'s time limits apply to motions under Rule 60(b)(6). Whether they asserted their motion within a reasonable amount of time is unclear. But the Court need not address that question. Defendants' arguments under Rule 60(b)(4) and (6) overlap considerably. The Court generously considers both bases for relief.

---

[4] It makes no difference that the Court has not yet entered ONEL's proposed final judgment pursuant to Local Civil Rule 58.1. That local rule supplements Rule 58(b), which "requires prompt entry of [orders, verdicts, and judgments] because they start the clock for the filing of an appeal." *Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019). Here, the Court promptly entered the relevant orders, verdicts, and judgments (pursuant to Rule 58(b)(2)) in a separate order (pursuant to Rule 58(a)) on the same day the Court rendered each decision. Even if, for some reason, the Court did not comply with Rule 58(a), entry of judgment would have occurred "150 days" after "entry in the civil docket." Fed. R. Civ. P. 58(c)(2)(B). Adding 150 days to September 14, 2020, brings us to February 11, 2021, and Defendants filed their motion more than 28 days after that date—on June 1, 2021.

**B. Merits**

Rule 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). A party may assert such a motion for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P 60(b)(1)–(6).

Rule 60(b) is an "exception to finality." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). It "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Id.* at 528. Relevant here, two such circumstances arise under Rule 60(b)(4), which applies when "the judgment is void," and Rule 60(b)(6), which applies to "any other reason that justifies relief."

**(i) Rule 60(b)(4)**

"A void judgment is a legal nullity." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.* But a judgment is not void simply because it is erroneous, and a "motion under Rule 60(b)(4) is not a substitute for a timely

appeal." *Id.* A judgment is void if it "is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

Relief under Rule 60(b)(4) for a jurisdictional defect has generally been "reserved . . . only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.* (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)). "[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment void." *Id.* (quoting *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)).

Defendants argue that the judgment is void because ONEL did not suffer damages and therefore did not have standing to sue. (Mov. Br. at 17). ONEL did not suffer damages, Defendants argue, because it was Cargo Services that paid the settlements to the Chinese manufactures. (*Id.* at 3–4 & 9–15).

As a starting point, the Court rejects any suggestion that a Rule 17 error—which at various points of their brief Defendants appear to assert—is a valid basis to pursue relief under Rule 60(b)(4). Rule 60(b)(4) applies only to certain jurisdictional errors, *United Student Aid Funds*, 559 U.S. at 271, and a real-party-in-interest challenge under Rule 17 does not concern jurisdiction but rather the merits, *see Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017); *Cranpark Inc. v. Rogers Group Inc.*, 821 F.3d 723, 730 (6th Cir. 2016); *Dunn v. Advanced Med. Specialties, Inc.*, 556 F. App'x 785, 789–90 (11th Cir. 2014); *cf. Petroleos Mexicanos Refinacion v. M/T KING A (EX-TBILISI)*, 377 F.3d 329, 334 (3d Cir. 2004) (distinguishing between constitutional standing and Rule 17 standing).

Further, there is (at the very least) an arguable basis for Article III standing in this case. Chief Judge Linares found that ONEL and its corporate affiliates were "all part of a single operation" and that the disputed indemnity agreements explicitly covered ONEL. (D.E. No. 229 at 16–17). Those findings are important because courts have held that agents may pursue claims for breach of contract on behalf of a principal where the agent is a protected under the contract. *See Artists Rts. Enf't Corp. v. Est. of Robinson*, No. 15-9878, 2017 WL 933106, at *5 & n.4 (S.D.N.Y. Mar. 8, 2017) (collecting cases; citing, *inter alia*, *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 258–59 (5th Cir. 1980), for the proposition that "agents could sue in their own name because they either had a beneficial interest or were party promisees in the contract as 'agents to whom performance was due'"); *see also Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, 488 F. App'x 338, 340 (11th Cir. 2012) (holding that the agent had standing "[n]otwithstanding that . . . [it] did not suffer any monetary losses" because it could "seek a declaratory judgment that it no longer had any obligation to cover [the claim]"); *NBIS Constr. & Transp. Ins. Servs., Inc. v. Liebherr-Am., Inc.*, No. 19-2777, 2021 WL 2551629, at *2 (M.D. Fla. June 22, 2021) (holding that agent had Article III standing to sue for damages on behalf of a principal). More broadly, the Supreme Court could plausibly be understood to have recently suggested that a breach of contract may itself be an injury, regardless of actual monetary harm. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 798 (2021) (citing cases involving breach of contract and explaining that "[l]ater courts . . . reasoned that every legal injury necessarily causes damage, so they awarded nominal damages absent evidence of other damages (such as compensatory, statutory, or punitive damages), and they did so where there was no apparent continuing or threatened injury for nominal damages to redress"); *see also Katz v. Pershing, LLC*,

672 F.3d 64, 72 (1st Cir. 2012) ("The invasion of a common-law right (including a right conferred by contract) can constitute an injury sufficient to create standing.").

Regardless of how the above cases precisely fit under the facts of this case, this case is clearly not one where there is a total want of jurisdiction. *See United Student Aid Funds*, 559 U.S. at 271. The Court thus denies Defendants' motion under Rule 60(b)(4).

**(ii) Rule 60(b)(6)**

Rule 60(b)(6) permits a district court to vacate an order for "any other reason that justifies relief." This remedy "is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987); *Page v. Schweiker*, 786 F.2d 150, 155 (3d Cir. 1986). Legal errors do not themselves warrant relief under Rule 60(b)(6) because such can be corrected on appeal. *See Martinez–McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 912 (3d Cir. 1977). Rule 60(b)(6) is not a substitute for appeal because, were it otherwise, "the time limitations on appeal set by Fed.R.App. P. 4(a), and on motions to alter or amend judgments under Fed.R.Civ.P. 59(e), would be vitiated." *Page*, 786 F.2d at 154. Therefore, a court should not grant relief under Rule 60(b)(6) when a party could have sought the same relief on direct appeal. *See, e.g.*, *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (holding Rule 60(b)(6) unavailable where the movant "could have raised on appeal his legal argument").

Defendants raise nothing more than the possibility of legal error, which they have challenged at every opportunity in this case and could have challenged—but did not challenge—on direct appeal. The Court thus denies their motion under Rule 60(b)(6).

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration and/or relief from judgment (D.E. No. 244) is DENIED. An appropriate Order will follow.

*/s/Esther Salas*
Esther Salas, U.S.D.J.

Dated: January 10, 2022